UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREE J. EMSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>PROVIDENCE HEALTH SYSTEM-WASHINGTON, a Washington corporation, dba PROVIDENCE ST. PETER HOSPITAL and dba PROVIDENCE WASHINGTON REGIONAL SERVICES,<br><br>    Defendant. | Case No. C06-5012FDB<br><br>ORDER OF DISMISSAL |

    Plaintiff brings claims alleging that she was forced to resign her position at Providence St. Peter Hospital because of gender discrimination. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on January 20, 2005, which found no statutory violation and advised Plaintiff that a lawsuit must be filed within 90 days. This lawsuit was filed on October 20, 2005 in State court, the complaint was amended to add Federal claims on December 15, 2005, and Defendant timely removed the case on January 10, 2006.

    Defendant Providence Health System-Washington (PHS) argues that the Amended Complaint should be dismissed because (1) Plaintiff failed to meet the statute of imitations for fing a

ORDER - 1

gender discrimination claim under Title VII, and (2) Defendant is exempt from Washington's Law Against Discrimination and, therefore, Plaintiff cannot state a claim for gender discrimination under State law.

Plaintiff's Complaints (original and amended) were not filed with the 90-day period identified in the EEOC's June 6, 2005 letter. (Lehmann Decl., Ex. 1.) Moreover, Washington's Law Against Discrimination exempts non-profit religious organizations from liability under the statute. RCW 49.60.040(3). PHS has established that it is an exempt religious organization by pointing to its affiliation, stated purpose, and related data. *See Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 677, 807 P.2d 830 (1991). *See* PHS Articles of Incorporation and PHS Corporate Bylaws, attached as Exhibits 2 and 3 to Lehmann Decl.

Plaintiff has filed no response to Defendant's Motion to Dismiss. The Court may take this lack of opposition as an admission that Defendant's motion has merit. (Local Rule CR7(b)(2))

ACCORDINGLY, IT IS ORDERED: Defendant's Motion to Dismiss Under Civil Rule 12(b)(6) [Dkt. # 7] is GRANTED and this cause of action is DISMISSED with prejudice.

DATED this 6th day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2